UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQULINE PETWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-01840 (UNA) |
| ) | |
| GREATER WASHINGTON ) | |
| URBAN LEAGUE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants the IFP Application, and for the reasons discussed below, it dismisses this matter for failure to state a claim, *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Plaintiff, a resident of the District, sues the Greater Washington Urban League and the District of Columbia's Department of Human Service's Rapid Rehousing Program. *See* Compl. at 1–2. Plaintiff's Complaint is quite spare, alleging only that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g, arising from their alleged failure to produce "a copy of Plaintiff[']s contract with wet ink signatures." *See id.* at 4. She demands $100,000 in damages. *Id.* No other context or details are provided.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d

661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

As here, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. *Iqbal,* 556 U.S. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79); *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims." (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). Plaintiff's Complaint offers *less* than threadbare allegations and recitations.

The Court acknowledges that Plaintiff has also filed a "Motion for Verification of Debt" ("Mot."), ECF No. 3, that provides at least *some* supplemental facts, but if those facts are offered to support her claims, they must be included in the Complaint itself. *See* Fed. R. Civ. P. 3, 7(a), 8(a). In any event, and even if these additional facts were so included, they do not assist in making Plaintiff's claims cognizable. In the Motion, Plaintiff demands that Defendants validate a debt within 30 days, to prove that Defendants are "in fact the Note Holder in Due Course and ha[ve] standing as a party of interest in this Promissory Note," and are "in fact . . . Creditor[s] in this loan/security instrument." *See* Mot. ¶¶ 2, 6. Plaintiff is apparently suspicious that "Defendant has

stolen Plaintiff['s] Security/Promissory Note and deceved Plaintiff into believing a debt was owed from the Promissory note." *See id.* ¶ 5.

No substantive details regarding the applicable contract and/or the security/promissory note are provided, including the nature of Defendants' alleged wrongdoing, more specifically, where, why, how, or when it occurred. Nor does Plaintiff attach a copy of any of the relevant documents. Even if these details were clearer, Plaintiff has still fallen short. As background, the FDCPA requires a debt collector, within five days of the initial communication with the consumer, to send the consumer a written notice containing certain information, unless such information was contained in the initial communication. 15 U.S.C. § 1692g(a). Among other things, the notice must include the amount of the debt owed, the name of the creditor and a statement that the consumer has 30 days to dispute the debt, and, that absent a timely dispute, the debt will be presumed valid. *See id.* To dispute the debt, the consumer must notify the debt collector in writing that

> the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

*Id.* § 1692g(b). If the debt collector receives such timely notice of dispute, it "shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." *Id.* § 1692g(a)(4), (b).

Here, assuming *arguendo* that Defendants are debt collectors and the Plaintiff is a consumer, Plaintiff fails to allege that Defendants initiated contact with her, within the meaning of the statute or otherwise, *see Carlisle v. Stellar Recovery, Inc.*, 222 F. Supp. 3d 91, 94 (D.D.C.

2016) (dismissing § 1692g claims for failing to identify an initial communication); *ValleCastro v. Bendett & McHugh, P.C.*, No. 14-cv-1796, 2015 WL 5797023, at *9 (D. Conn. Sept. 30, 2015) (same); *Oliver v. U.S. Bancorp*, No. 14-cv-8948, 2015 WL 4111908, at *4 (S.D.N.Y. July 8, 2015) (dismissing § 1692g claims where the plaintiffs failed to allege any "initial communication" from the defendant, and noting that the defendant's submissions in the foreclosure action cannot constitute initial communications), or that she ever formally notified Defendants of her dispute, *see Barnes v. Capital One Financial Corporation*, No. 23-cv-182, 2023 WL 6606026, at *6 (S.D. Ohio, Oct. 10, 2023) (citing *Wolfe v. Bank One Corp.*, 433 F. Supp. 2d 845 (N.D. Ohio 2005) (dismissing §1692g claims due to the plaintiff's failure to establish that she provided statutory notice of her dispute)), *R&R adopted*, 2023 WL 9271174 (S.D. Ohio, Oct. 30, 2023); *Obanya v. Select Portfolio Servicing, Inc.*, No. 14-cv-5255, 2016 WL 11265648, at *4 (E.D.N.Y. Aug. 23, 2016) (dismissing §1692g claims where the plaintiff failed to "allege that she disputed the debt in writing within the 30-day timeframe set by the statute. The absence of such allegations is ground for dismissal.") (citations omitted), *R&R adopted*, 2017 WL 253483 (E.D.N.Y. Jan. 20, 2017); *Agu v. Rhea*, No. 09-cv-473, 2010 WL 5186839, at *5 (E.D.N.Y. Dec. 15, 2010) (dismissing §1692g claims because the plaintiff failed to allege that he properly and timely waged his debt dispute "within the thirty day time window that Section 1692(b) provides"). Plaintiff is obligated to send Defendants notice of her dispute as prescribed in the statute, providing them with actual knowledge, because otherwise, the "FDCPA does not impose upon a debt collector any duty to investigate independently the validity of the debt." *Jacques v. Solomon & Solomon P.C.*, 886 F. Supp. 2d 429, 433 (D. Del. 2012) (citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006)) (collecting other cases). Notably, there is no indication that Plaintiff, within her 30-day window, sent a copy of the Motion for Verification, filed in the instant

matter, to Defendants, nor would that, standing alone, comply with the statutory notice of dispute requirement.  *See* 15 U.S.C. § 1692g(b).

Simply put, because Plaintiff does not allege "an initial communication from [Defendants]," and does not allege that she "submitted her dispute letter in the appropriate time period under the statute," if at all, "or describe any efforts that [Defendants] ha[ve] made to collect upon the debt in question," Plaintiff has "not alleged a violation of section 1692g," or a violation of any other provision of the FDCPA.  *See Hayword v. SW Credit Syst.*, No. 23-cv-3234, 2024 WL 169570, at *5 (E.D. Pa. Jan. 16, 2024).

For all of these reasons, this case is dismissed without prejudice for failure to state a claim.  Plaintiff's Motion for Verification of Debt, ECF No. 3, is denied without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:   August 21, 2025                              _____/s/_____
                                                                    JIA M. COBB
                                                            United States District Judge